## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**ALEX NEGRON,**             :

       **Petitioner**      :     **CIVIL ACTION NO. 3:22-1895**

         **v**          :        **(JUDGE MANNION)**

**STEPHEN SPAULDING,**      :

      **Respondent**     :

## MEMORANDUM

## I.   Background

On November 30, 2022, Petitioner, Alex Negron, a former inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Negron claims the Bureau of Prisons (BOP) has unlawfully denied him Earned Time Credits under the First Step Act (FSA). Id. Negron asks the Court to apply his ETCs and change his statutory release date. Id. On January 10, 2023, a response was filed indicating that the BOP released Negron on December 29, 2022. (Doc. 9).

For the reasons set forth below, the instant petition will be dismissed as moot.

## II.   Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody

before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Negron has been released from custody, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

## III.   **Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.



**MALACHY E. MANNION**
**United States District Judge**

**Date: April , 2023**
22-1895-01

3